```
NELSON W. GOODELL, ESQ., SBN 264734
The Goodell Law Firm
1750 Montgomery Street, Suite 139
San Francisco, CA 94111
Tel. No. (415) 954-7151
Fax No. (415) 954-7150
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MAKREAS,<br><br>Plaintiff,<br><br>v.<br><br>FIRST NATIONAL BANK OF NORTHERN CALIFORNIA; T.D. SERVICE COMPANY, ;<br><br>KATHY CASTOR; RANDY BRUGONI; and<br><br>DOES 1-25 inclusive;<br><br>Defendants. | Case No: CV11-02234-JSW<br><br>**NOTICE OF MOTOIN AND MOTION SEEKING LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Date: February 17, 2012<br>Time: 9:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge: The Hon. Jeffrey S. White |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on February 17, 2012, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Jeffrey White, located at 450 Golden Gate Avenue, San Francisco, California 94102, plaintiff, Nick Makreas ("the Plaintiff") will, and hereby does, move for an order granting the Plaintiff leave to file his Amended Complaint and ordering that the Amended Complaint submitted with this motion be deemed timely filed.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Plaintiff's First Amended Complaint, on all of the files and records of this action, and on any additional material that may be elicited at the hearing of this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Through this motion, the Plaintiff seeks leave to file his Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a) and this Court's October 21, 2011 Order. The plaintiff's Amended Complaint, attached hereto as Exhibit A, adds a cause of action for Breach of Fiduciary Duty, and drops the causes of action for violation of the Administrative Procedures Act of 1946; Inverse Condemnation; California Civil Code section 1788, et seq; Breach of Contract; and Civil Conspiracy. The proposed complaint also drops the various San Mateo County defendants, including San Mateo County itself and various employees of its Sheriff's Office. The reason for all of the changes in the proposed complaint is due to the fact that the first complaint was filed by a *pro se* plaintiff who is not sophisticated in legal affairs. While some of the causes of action are different and the plaintiff has stipulated to not proceed against the government defendants at this time, the factual allegations in the proposed complaint are substantially the same. The plaintiff's amended complaint is timely, does not cause any prejudice to any of the defendants in this action and should be permitted.

**II.     STATEMENT OF FACTS**

The plaintiff filed this lawsuit on May 6, 2011, and the defendants were served in August 2011. Defendants FIRST NATIONAL BANK OF NORTHERN CALIFORNIA ("First National"), KATHY CASTOR and RANDY BRUGIONI answered on September 9, 2011, along with the various San Mateo County government defendants. Defendant TD Service Company filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on September 9th as well. On September 21, 2011, the plaintiff's counsel began representing the plaintiff in the instant action. On September 28, 2011, the plaintiff and the San Mateo County government defendants stipulated to the dismissal, without prejudice, of the action against them, while agreeing to the tolling of the statute of limitations for six months beyond the date of the stipulation. On September 29, 2011, the plaintiff requested an entry of default against TD Service, and default was taken on October 3, 2011.

Subsequently, TD Service filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the parties thereafter (on October 20, 2011) stipulated to set aside the default and TD Service agreed to not object to plaintiff filing a first amended complaint. On October 21, 2011, the Court signed the stipulation and instructed the plaintiff to either file a stipulation with all defendants by November 4, 2011 or file a motion seeking leave to amend by that date. The plaintiff sent the proposed complaint to the other defendants on November 4, 2011, and is awaiting reply.

### III. ARGUMENT

#### A. Leave Should Be Granted to Amend the Complaint

##### 1. Leave is Freely Granted

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be Freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. V. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *see, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend should be greely given). The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and fulity of amendment." *DCD Programs*, 833 F.2d at 186.

#### B. Amendment Should Be Permitted

The plaintiff's amended complaint is timely and should be allowed. On October 21, 2011, the Court instructed the plaintiff to seek leave by November 4, 2011, which the plaintiff is now doing. This motion is being filed before the deadline has passed. Furthermore, the plaintiff falls well within the liberal standard for freely allowing the amendment of pleadings. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . . the leave sought should,as the rules require, be 'freely given.'") TD Service Company has already consented to the plaintiff filing a first amended complaint. The remaning defendants' counsel, First National, Kathy Castor, and Randy Brugioni, indicated

to plaintiff's counsel that they would consider plaintiff's request, but would like to see the amended pleading first. While the plaintiff's counsel sent the amended pleading to defendant's counsel today and is awaiting reply, the plaintiff submits that the Amended Pleading would not prejudice these defendants. The Amended Complaint does not change the nature of the lawsuit, and the discovery in this case has not even begun. Besides the relabeling of a few of the causes of action, the only substantive differences in the Amended Complaint, in regards to these defendants, is the inclusion of a cause of action under 42 U.S.C. § 1983 and a cause of action for Breach of Fiduciary Duty. Both of these causes of action stem from the same set of material facts that were alleged in the original complaint. Indeed, the 1983 cause of action was in the original complaint itself, but was not alleged against these particular defendants. Accordingly, First National, Kathy Castor and Randy Brugioni will not be prejudiced by the Court granting leave to file plaintiff's Amended Complaint.

Furthermore, the plaintiff submits that a further justification for the filing of the Amended Complaint is based on the fact that plaintiff was previously proceeding *pro se*, and simply did not know the appropriate legal theories to focus on. Moreover, the plaintiff's counsel did not begin representing the plaintiff until six weeks ago, and has thoroughly investigated the underlying facts and applicable law in that time in order to prepare the amended complaint. Thus, the plaintiff's Amended Complaint is proposed in good faith and without undue delay. *See Coilcraft v. Inductor Warehouse*, 2000 U.S. Dist. LEXIS 6097, *8-9 (no bad faith where plaintiff made "reasonable inquiry" into facts supporting new claim, introduced relevant evidence, and "has never mischaracterized the nature of the lawsuit").

In sum, Plaintiff's Amended Complaint was timely filed and in good faith, contains claims similar to those originally asserted and does not prejudice the defendants. Consequently, none of the factors on which courts base denial of motions for leave to amend are present here. Thus, the plaintiff's motion for leave should be granted.

IV. **CONCLUSION**

For the reasons discussed above, plaintiff respectfully seeks leave of this Court to file the Proposed Amended Complaint.

Dated: November 4, 2011

                                 */s/ Nelson W. Goodell*
                                 NELSON W. GOODELL
                                 The Goodell Law Firm
                     Attorney for Plaintiff, Nick Makreas