United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICK MAKREAS,

Plaintiff,

v.

FIRST NATIONAL BANK OF NORTHERN CALIFORNIA, et al.,

Defendants.
_______________________________________/

No. C 11-02234 JSW

**ORDER REGARDING T.D. SERVICE COMPANY'S MOTION TO DISMISS**

Now before the Court is the motion to dismiss filed by defendant T.D. Service Company ("T.D."). The Court has considered the parties' papers, relevant legal authority, and it finds these matters suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for April 13, 2012 is VACATED. The Court grants in part and denies in part T.D.'s motion to dismiss.[1]

**BACKGROUND**

In this action, Plaintiff Nick Makreas ("Plaintiff") is challenging the foreclosure upon the property located at 285 Sylvan Way, Emerald Hills, California 94062. Plaintiff has asserted the following four claims against T.D.: (1) wrongful foreclosure, (2) violation of the Fair Debt Collection Practices Act ("FDCPA"), (3) quiet title, and (4) violation of California's Business and Professions Code § 17200 ("Section 17200").

[1] Pursuant to Northern District Local Civil Rule 7-3(c), "[a]ny reply to an opposition must be served and filed by the moving party not more than 7 days after the opposition is served and filed." Thus, T.D.'s reply brief, if any, was due to be filed by no later than January 6, 2012. Without leave of Court, T.D. filed a reply brief on March 29, 2012, almost three months after the deadline. Therefore, the Court will not consider the reply brief.
The Court GRANTS T.D.'s request for judicial notice. *See* Fed. R. Evid. 201.

United States District Court
For the Northern District of California

The Court shall address specific additional facts in the remainder of this Order.

## ANALYSIS

### A. Applicable Legal Standards for Motion to Dismiss.

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint, when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice. *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Even under Rule 8(a)'s liberal pleading standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (internal quotation marks omitted).

United States District Court
For the Northern District of California

**B. T.D.'s Motion to Dismiss.**

**1. Plaintiff's Wrongful Foreclosure Sale.**

T.D argues that Plaintiff's alleged errors in connection with the Notice of Default and the Substitution of Trustee fail to state a claim for wrongful disclosure and that, regardless, Plaintiff lacks standing to bring such a claim based on his failure to tender the debt. However, courts have held that a plaintiff may contest the foreclosure where, as here, the plaintiff alleges that an assignment or substitution of trustee was backdated to cover up the fact that it was assigned after the notice of default was posted. Therefore, the party who noticed the default did not, at the time of the notice, have the authority to record the notice of default. Such facts state a claim for wrongful foreclosure. *See Tamburri v. Suntrust Mortgage, Inc.*, 2011 WL 9294472, * 11-14 (N.D. Cal. Dec. 15, 2011); *Ohlendorf v. Amer. Home Mortg. Servicing*, 2010 U.S. Dist. LEXIS 31098, * 23-24 (E.D. Cal. March 30, 2010) (denying motion to dismiss where plaintiff alleged that recipient of backdated assignment did not have had authority to record notice of default); *see also Castillo v. Skoba*, 2010 WL 3986953, * 2 (S.D. Cal. Oct. 8, 2010) (finding plaintiff was likely to succeed on claim enjoining the sale of his home based on evidence that an assignment was backdated and thus the party did not have authority to record the notice of default); *Robinson v. Countrywide Home Loans, Inc.*, 199 Cal. App. 4th 42, 46 n. 5 (2011) (holding that "a borrower who believes that the foreclosing entity lacks standing to do so .... can seek to enjoin the trustee's sale or to set aside the sale.").[2]

Moreover, where, as here, a plaintiff alleges that the entity lacked authority to foreclose on the property, the foreclosure sale would be void. *See Dimock v. Emerald Properties LLC*, 81 Cal. App. 4th 868, 876 (2000). "[W]here a sale is void, rather than simply voidable, tender is not required." *Tamburri*, 2011 WL 9294472, * 4 (citing Miller & Starr California Real Estate 3d § 212); *see also Dimock*, 81 Cal. App. 4th at 878. Accordingly, the Court denies T.D.'s motion to dismiss Plaintiff's wrongful foreclosure claim.

---

[2] Because the Court finds that Plaintiff has stated a claim for wrongful foreclosure based on his allegations regarding backdating, the Court need not determine whether Plaintiff's other alleged defects with the notice of default would also be sufficient to state a claim.

**2. Plaintiff's FDCPA Claim.**

T.D. argues that Plaintiff's FDCPA claim cannot survive because foreclosing on a property does not qualify as the collection of a debt under the FDCPA. Courts that have addressed this issue have concluded that foreclosure does not constitute "debt collection" under the FDCPA. *See, e.g., Deissner v. Mortgage Elec. Regis. Sys.*, 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009), *aff'd* 2010 WL 2464899 (9th Cir. Jun. 17, 2010); *Landayan v. Washington Mutual Bank*, 2009 WL 3047238, at * 3 (N.D. Cal. Sept. 18, 2009) (citing *Maguire v. Citicorp. Retail Svcs., Inc.*, 147 F.3d 232, 236 (2d Cir. 1998) and *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)).

However, to the extent Plaintiff alleges that T.D. engaged in efforts to collect a debt which is separate from T.D.'s involvement in the foreclosure proceedings, Plaintiff may be able to state a claim under the FDCPA. *See Johnson v. HSBC Bank USA, Nat. Ass'n*, 2012 WL 928433, * 6 (S.D. Cal. March 12, 2012) (distinguishing FDCPA claim premised on demands of payment and threats as opposed to foreclosure on the property); *see also Hulse v. Ocwen Federal Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D.Or. 2002) (holding that "any actions taken by [defendant] in pursuit of the actual foreclosure may not be challenged as FDCPA violations," but "plaintiffs may maintain any FDCPA claims based on alleged actions by [defendant] in collecting a debt.").

Here, Plaintiff alleges that T.D. wrongfully engaged in "continuous collection activity," but does not allege what actions T.D. took in addition to initiating the foreclosure proceedings. (First Amended Compl., p. 20.) In opposition to T.D.'s motion, Plaintiff argues that T.D.'s communications regarding the non-judicial foreclosure sale constitutes the alleged violation of the FDCPA. (Opp. at 10.) Because foreclosing on a property does not qualify as the collection of a debt, the Court grants T.D.'s motion to dismiss Plaintiff's FDCPA claim against it. However, the Court will provide Plaintiff with leave to amend to the extent Plaintiff can allege facts in good faith that T.D. took steps to collect a debt from him, separate and apart from the foreclosure proceedings.

United States District Court
For the Northern District of California

**3. Plaintiff's Claim for Quiet Title.**

T.D. argues that Plaintiff's claim against it for quiet title fails because Plaintiff has not tendered the full amount owing on the loan and that T.D. does not hold or assert an ownership claim to the party. As the Court found above, tender is not required where a sale is void, as opposed to merely voidable. Plaintiff alleges facts which, if true, would render the sale void. Therefore, tender is not required.

In response to T.D.'s second argument, Plaintiff cites to *Washington Mutual Bank v. Bleckman*, 157 Cal. App. 4th 662 (2007) for the proposition that trustees are indispensable parties to a claim for quiet title. In *Bleckman*, the court held that the trustee had a stake in the outcome of proceedings to invalidate the trustee's sale on foreclosure and thus was an indispensable party to an action in which the plaintiff brought claims to set aside the trustee's sale, for quiet title, and to cancel the trustee's deed upon sale. *Id*. at 668. Thus, at this procedural stage, it appears as though T.D. is an indispensable party to Plaintiff's claim for quiet title. Accordingly, the Court denies T.D.'s motion to dismiss Plaintiff's claim for quiet title.

**4. Plaintiff's Section 17200 Claim.**

In order to bring a claim for violation of Section 17200, "a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *See Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043 (9th Cir. 2004) (quoting Cal. Bus. & Prof. Code § 17200). Pursuant to Section 17200, "there are three varieties of unfair competition: practices which are unlawful, unfair or fraudulent." *Daugherty v. American Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 837 (2006); *see also Albillo v. Intermodal Container Services, Inc.*, 114 Cal. App. 4th 190, 206 (2003) (to state a UCL claim, a "plaintiff must establish that the practice is either unlawful (i.e., is forbidden by

United States District Court
For the Northern District of California

law), unfair (i.e., harm to victim outweighs any benefit) or fraudulent (i.e., is likely to deceive members of the public)").[3]

Unlawful business activity includes "'anything that can properly be called a business practice and that at the same time is forbidden by law.'" *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992) (citing *Barquis v. Merchants Collection Ass'n*, 7 Cal. 3d 94, 113 (1972)). The "unlawful" prong of Section 17200 prohibits "any practices forbidden by law, be it civil criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994) (internal quotation omitted).

Unfair simply means any practice whose harm to the victim outweighs any benefits. *Olsen v. Breeze, Inc.*, 48 Cal. App. 4th 608, 618 (1996). "The court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Gafcon, Inc. v. Ponsor & Assocs.*, 98 Cal. App. 4th 1388, 1425 n.15 (2002).

To state a cause of action under the fraudulent prong of Section 17200, it is necessary only to show members of the public are likely to be deceived; allegations that the fraudulent deception was "actually false, known to be false by the perpetrator and reasonably relied upon by a victim who incurs damages" are not necessary. *In re Tobacco II Cases*, 46 Cal.4th 298, 312 (2009). A claim under the fraudulent prong of Section 17200 is distinct from common law fraud. *Id*. "[S]ection 17200 does not require a plaintiff to plead all of the elements of fraud." *In re Mattel, Inc.*, 588 F. Supp. 2d 1111, 1118 (C.D. Cal. 2008) (finding that the complaint with a fraudulent Section 17200 claim "neither specifically alleges fraud nor alleges facts that necessarily constitute fraud"). However, if the UCL claim is said to be grounded in fraud, "the pleading of that claim as a *whole* must satisfy the particularity requirement of Rule 9(b)."

---

[3] Relying on *Mangini v. Aerojet General Corp.*, 230 Cal. App. 3d 1125 (1991), T.S. argues that relief under the UCL requires ongoing conduct. However, *Mangini* was decided before the 1992 amendments to Section 17200 claims. "[I]n 1992, the Legislature amended section 17200 to expand the definition of unfair competition to include 'any unlawful, unfair, or fraudulent business act or practice' ... and amended section 17203 to expand the scope of injunctive relief to encompass past activity and out-of-state activity." *Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 570 (1998), *overruled on other grounds in Californians For Disability Rights v. Mervyn's, LLC,* 39 Cal. 4th 223 (2006). Therefore, T.D.'s reliance on *Mangini* is misplaced.

*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003)) (emphasis added in original).

Here, Plaintiff alleges that the substitution of trustee was wrongfully backdated. If true, recording document with falsified information on it, is sufficient to state a claim under the fraudulent prong of Section 17200. Accordingly, the Court denies T.D's motion to dismiss this claim.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART T.D.'s motion to dismiss. The Court GRANTS T.D.'s motion with respect to Plaintiff's FDCPA claim and DENIES the remainder of T.D's motion to dismiss. The Court is providing Plaintiff leave to amend his FDCPA claim. Plaintiff shall file his amended complaint, if any, within twenty days of the date of this Order. If Plaintiff does not file an amended complaint, his FDCPA claim will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: April 4, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California