United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

NICK MAKREAS,

   Plaintiff,

  vs.

FIRST NATIONAL BANK OF NORTHERN
CALIFORNIA, et al.,

   Defendants.

Case No.: 11-cv-02234-JSW (KAW)

ORDER REGARDING DISCOVERY
DISPUTE

  Plaintiff and Defendant First National Bank of Northern California filed a joint letter regarding two discovery disputes on January 20, 2013.  The first dispute is over FNBNC's Rule 30(b)(6) deponent's response to a particular line of questioning.  The second relates to the production of telephone records.

  **I. PMK Deposition**

  Plaintiff's Rule 30(b)(6) deposition notice states that FNBNC's person most knowledgeable (PMK) will be expected to testify regarding "What YOU have told the subsequent purchasers of the PROPERTY about this lawsuit."  FNBNC designated Kathy Castor as its PMK; she was deposed in this capacity and her individual capacity on January 3.  Castor testified that she had no knowledge of what was told to the purchaser of the property, but that Randy Brugioni, another employee of FNBNC, would have knowledge.  Brugioni was deposed on January 10.  He testified that he had no knowledge of what was told to the subsequent purchasers of the property.

United States District Court
Northern District of California

Now, Plaintiff requests that FNBNC provide either 1) a declaration that binds the company stating that there is no one who has knowledge of this issue, or 2) testimony from Castor at her upcoming deposition stating whether anyone at the company has knowledge of this issue.

Pursuant to Rule 30(b)(6), a company "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the party noticing the deposition and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . .The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *In re JDS Uniphase Corp. Sec. Litig.*, C-02-1486 CW (EDL), 2007 WL 219857 (N.D. Cal. Jan. 29, 2007).

FNBNC takes the position that Brugioni has already testified at length about the property, "including what FNBNC told the purchasers regarding this lawsuit." The excerpts of Brugioni's deposition attached to the parties' joint letter show that Brugioni testified that he did not know if the seller had disclosed the lawsuit to the purchasers, and that he himself had not spoken to the purchasers. Thus, contrary to FNBNC's argument, Brugioni's testimony did not give Plaintiff the information sought. Nor did Brugioni's testimony satisfy FNBNC's obligation to produce a PMK to answer the question on behalf of the company.

FNBNC further argues that it told Plaintiff during the meet and confer process that it cannot produce a witness with knowledge of what was told to the purchaser, because it was not involved in the sale. But a representation by an attorney during the meet and confer process is not sworn testimony that is binding on the company.

Because FNBNC has not properly responded to Category 15 of the PMK notice, it must either produce a declaration on behalf of the company stating that no one at the company has knowledge of what was told to the purchaser, and explaining what steps the declarant took to establish this; or produce a PMK for deposition on this topic only.[1]

---

[1] It is not clear from the joint letter when Kathy Castor's second deposition will take place. If Castor is sufficiently prepared, she may be able to satisfactorily testify on the subject.

United States District Court
Northern District of California

## II. Telephone Records

Plaintiff asks that FNBNC be compelled to obtain certain telephone records from its carrier. In the alternative, Plaintiff seeks leave to subpoena the records.   Fact discovery closed in this case on January 9, 2013.  See Dkt # 105 (order granting stipulation to continue deadline for filing motions to compel fact discovery).

Plaintiff propounded requests for production of documents together with the notice of deposition of FNBNC's PMK.  At a different deposition on December 17, 2012, Plaintiff's counsel specifically asked Defense counsel to produce phone records showing that a Mr. Valencia spoke to someone at FNBNC on a particular day.  At the PMK deposition, the phone records were not produced.  FNBNC's counsel stated that FNBNC did not have the phone records, and that she believed that the carrier would not give the records to the company without a subpoena.  She admitted that she had not asked the carrier for the records in this case.

In the joint letter, FNBNC's counsel now states that the company then tried to obtain the records from the carrier, but was informed that the records could only be obtained through a subpoena.

Because FNBNC cannot obtain the records by asking the carrier for them, the records are not within FNBNC's possession, custody, or control.  *See* Fed. R. Civ. P. 34(a)(1).  Thus, FNBNC is not obligated to produce the records.  As fact discovery is closed, the Court will not permit Plaintiff to subpoena the records.  Plaintiff should not have assumed that FNBNC was going to produce the records, especially since FNBNC's counsel stated, before the close of discovery, that she believed that the company could not obtain the records.  Plaintiff was not diligent in subpoenaing the documents before the discovery cutoff, and has not shown good cause to extend the fact discovery deadline.

///

///

**III.     Conclusion**

For the reasons explained above, it is hereby ORDERED that within 14 days of this order, FNBNC must either produce a declaration on behalf of the company stating that no one at the company has knowledge of Category 15 of the PMK notice, and explaining what steps the declarant took to establish this; or produce a PMK for deposition on this topic only.  Plaintiff's request for leave to subpoena the telephone records after the close of discovery is denied.

IT IS SO ORDERED.

DATE: February 25, 2013

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE