```
 1  JOHN F. FRIEDEMANN (SBN 115632)
    jfriedemann@frigolaw.com
 2  STEPHANIE BARBER HESS (SBN 204321)
    shess@frigolaw.com
 3  JOHN N. MACLEOD (SBN 269073)
    jmacleod@frigolaw.com
 4  FRIEDEMANN GOLDBERG LLP
    420 Aviation Boulevard, Suite 201
 5  Santa Rosa, California 95403
    Telephone: (707) 543-4900
 6  Facsimile:  (707) 543-4910

 7  Attorneys for Defendants
    FIRST NATIONAL BANK OF
 8  NORTHERN CALIFORNIA,
    KATHY CASTOR, and RANDY BRUGIONI
```

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK MAKREAS, | CASE NO. CV-11-02234 JST |
| Plaintiff, | HONORABLE JON S. TIGAR |
| v. | **DEFENDANT FIRST NATIONAL BANK OF NORTHERN CALIFORNIA'S OPPOSITION TO PLAINTIFF NICK MAKREAS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OF SETTLEMENT NEGOTIATIONS, INCLUDING PLAINTIFF'S REQUEST FOR AND THE AVAILABILITY OF ATTORNEY'S FEES** |
| FIRST NATIONAL BANK OF NORTHERN CALIFORNIA, a business entity, Form Unknown; T.D. SERVICE COMPANY a business entity, Form Unknown; KATHY CASTOR, an individual; RANDY BRUGIONI, an individual; COUNTY OF SAN MATEO; SAN MATEO COUNTY SHERIFF'S OFFICE; SAN MATEO COUNTY SHERIFF GREG MUNKS, in his individual and official capacity; SAN MATEO COUNTY SHERIFF'S DEPUTY STEPHEN DUVALL, in his individual and official capacity; SAN MATEO COUNTY SHERIFF'S DEPUTY HOSS, in his individual and official capacity; SAN MATEO COUNTY SHERIFF'S DEPUTY VALENCIA, in his individual and official capacity; Employees DOES 1 through 25 INCLUSIVE, in their individual and official capacity; and DOES 26 through 50 INCLUSIVE, et al., | |
| | **Pretrial Conference Date:**<br>     November 19, 2013<br>**Time:**     1:00 p.m.<br>**Dept.:**    Courtroom 9<br><br>**Trial Date: December 9, 2013** |
| Defendants. | |

1    Defendant First National Bank of Northern California, ("FNBNC"), hereby opposes, in
2 part, Plaintiff Nick Makreas' ("Plaintiff") Motion in Limine No. 1 to Exclude Evidence of
3 Settlement Negotiations, Including Plaintiff's Request for and the Availability of Attorney's Fees.
4 ("Motion").

5    Through the Motion, Plaintiff seeks to exclude evidence (1) regarding settlement
6 negotiations between Plaintiff and FNBNC, and (2) Plaintiff's request for and the availability of
7 attorney's fees. *See* Motion, 2:16-5:12.

8    FNBNC does not oppose the Motion to the extent that it seeks to exclude evidence of
9 Plaintiff's request for and the availability of attorney's fees.

10   FNBNC opposes the Motion insofar as it seeks to exclude rebuttal evidence regarding
11 offers by FNBNC to compensate Plaintiff for personal property. Such evidence would rebut
12 evidence introduced by Plaintiff that FNBNC did not offer to compensate Plaintiff for allegedly
13 lost personal property. FNBNC's opposition herein is made in conjunction with FNBNC's
14 opposition to Plaintiff's Motion In Limine No. 3.

15   The basis of the Motion to exclude evidence regarding settlement negotiations is that
16 settlement negotiations between Plaintiff and FNBNC are inadmissible under Federal Rule of
17 Evidence 408 and 403. For the reasons set forth herein, the Motion should be denied.

18   FNBNC's evidence, that it offered to compensate Plaintiff for personal property, to be
19 offered in response to Plaintiff's introduction of evidence to the contrary, is not <u>in</u>admissible
20 under Rule 408, because FNBNC's evidence would be offered for limited rebuttal and
21 impeachment purposes.

22   "Evidence of an offer or acceptance of an offer to compromise a disputed claim is not
23 admissible 'to prove or disprove the validity or amount of a disputed claim or to impeach by a
24 prior inconsistent statement or a contradiction." *See* Rutter Group Prac. Guide, (*Fed. Civ. Trials*
25 *& Evid.*), Ch. 8I, § 8:4340 (2013) (*citing* Fed. R. Evid. 408(a)). "Evidence of conduct or
26 statements made in compromise negotiations is not admissible." *Id.* (*citing* Fed. R. Evid.
27 408(a)(2)). However, "[t]he court may admit this evidence for another purpose, such as proving a
28

witness's bias or prejudice, negating a contention of undue delay…" Fed. R. Evid. 408(b) (emphasis added).

Notably, the court may admit settlement offers "<u>for rebuttal or limited impeachment purposes.</u>" *See* Rutter Group Prac. Guide, (*Fed. Civ. Trials & Evid.*), Ch. 8I, § 8:4376.7 (2013) (emphasis added) (*citing Kraft v. St. John Lutheran Church of Seward, Neb.,* 414 F.3d 943, 947 (8th Cir. 1984)) ("[Plaintiff's] acknowledgment during settlement negotiations of causal connection between sex abuse and psychological injuries was admissible when offered to rebut testimony of [plaintiff's] expert that [plaintiff] did not realize connection until later date."); *see also Freidus v. First Nat'l Bank of Council Bluffs,* 928 F.2d 793,794-95 (1991) (in breach of contract action against defendant bank for unreasonable failure to provide consent to proposed sale of real estate, evidence of letters exchanged during settlement negotiations were admissible to rebut testimony offered by plaintiff that up to the date of trial the bank had failed to give any reasons for the conditions the bank had imposed on giving its consent.  The court found that such testimony, if left unrebutted, would have been devastating to the bank's position that it had not unduly delayed giving its consent.).

"The importance of informing the jurors fully so that they can carefully judge the credibility of each witness in making their fact determination may in some situations outweigh the desire to encourage settlements." *Reichbach v. Smith,* 528 F. 2d 1072, 1075 (5th Cir. 1976); *see also* Fed. R. Evid. 608(b) (permitting specific instances of a witness's conduct to be inquired into on cross-examination if probative of the character for truthfulness or untruthfulness of the witness).

Here, evidence that FNBNC's counsel communicated multiple offers to compensate Plaintiff for personal property will be used to rebut and impeach Plaintiff's testimony that FNBNC did not compensate or make any offer to compensate Plaintiff for personal property. Such evidence negates any contention that FNBNC unduly delayed in offering to compensate Plaintiff for personal property.  Accordingly, such evidence is admissible under Federal Rule of Evidence 408.

Additionally, evidence that FNBNC offered to compensate Plaintiff for personal property items should not be excluded under Federal Rule of Evidence 403 because it is not unfairly prejudicial to Plaintiff. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Evidence that FNBNC's counsel communicated multiple offers to compensate Plaintiff for his personal property items would not be unfairly prejudicial to Plaintiff under Rule 403 if such evidence is only offered after Plaintiff opens the door by claiming that Plaintiff has never been offered payment by FNBNC to compensate Plaintiff for his allegedly lost personal property. Moreover, evidence of such offers by FNBNC is unlikely to be construed as evidence of the invalidity of Plaintiff's claims. If anything, the opposite is true. Normally, a defendant would want to keep out any evidence of a settlement offer made to plaintiff because the offer suggests that there is merit to plaintiff's claim.

Accordingly, Plaintiff's Motion insofar as it seeks to exclude evidence of FNBNC's offer to compensate Plaintiff for personal property items should be denied, at least in so much as such evidence might be offered in rebuttal to evidence of no offers to restore or pay for the allegedly lost property.

DATED: November 12, 2013            FRIEDEMANN GOLDBERG LLP


By: /s/ John F. Friedemann
    JOHN F. FRIEDEMANN
    Attorneys for Defendant FIRST NATIONAL
    BANK OF NORTHERN CALIFORNIA,
    KATHY CASTOR, and RANDY BRUGIONI