UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICK MAKREAS,

        Plaintiff,

   v.

FIRST NATIONAL BANK OF
NORTHERN CALIFORNIA, et al.,

        Defendants.

Case No.  11-cv-02234-JST

**ORDER RE: MOTIONS FOR
ATTORNEY'S FEES AND COSTS AND
MOTION TO AMEND THE
JUDGMENT**

Re: ECF Nos. 251, 252, 254, 260

      Four motions are pending in this action: (1) First National Bank's motion for attorney's fees and costs in the amount of $604,489.24; (2) T.D. Service Company's motion for attorney's fees in the amount of $71,470; (3) Makreas' motion for $136,520 in attorney's fees; and (4) First National's motion to amend the judgment to reflect that it is the prevailing party and thus is entitled to fees and costs.  Each of these motions is opposed.   For the reasons set forth below, First National's motions for attorney's fees and to amend the judgment are GRANTED.  First National's motion for costs is DENIED.  T.D. Service's motion for attorney's fees is GRANTED, and Makreas' motion for attorney's fees is DENIED.

I.      **BACKGROUND**

      This action arises out of the non-judicial foreclosure of a property located at 285 Sylvan Way, Emerald Hills, California ("the property").  A detailed summary of the facts in the case can be found in the court's order of June 4, 2013.  ECF No. 158.

      Makreas filed this action on May 6, 2011, against Defendants First National, Brugioni, Castor, T.D. Service Company, the County of San Mateo, the San Mateo County Sheriff's Office, and multiple San Mateo County Sheriff deputies for claims: (1) under 42 U.S.C. § 1983; (2) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692; (3) the Administrative Procedure Act, 5 U.S.C. § 500; (4) "inverse condemnation"; (5) wrongful foreclosure; (6) conspiracy under

United States District Court
Northern District of California

California Penal Code § 1821; (7) conversion; (8) California Civil Code § 1788; (9) California Code of Civil Procedure §§ 1159 and 1160; (10) California Civil Code § 2923.5; (11) California's Unfair Competition Law; (12) breach of contract based on Defendants' failure to modify the loan under TARP; and (13) quiet title.[1]  ECF No. 1.

Based on the parties' stipulation, the court permitted Makreas to file a first amended complaint, in which he asserted claims against First National, Castor, Brugioni, and T.D. Service Company ("Defendants") for: (1) breach of fiduciary duty; (2) wrongful foreclosure in violation of California Civil Code sections 2924 and 2934; (3) forcible entry and detainer; (4) trespass; (5) wrongful eviction; (6) conversion; (7) violations of 42 U.S.C. § 1983; (8) a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 for failure to validate the debt; (9) quiet title; and (10) a claim under California's Unfair Competition Law.  ECF Nos. 52, 53.

The court permitted Makreas to file a second amended complaint on June 4, 2013, in which he asserted claims against the same Defendants for: (1) breach of fiduciary duty; (2) wrongful foreclosure in violation of California Civil Code sections 2924 and 2934; (3) forcible entry and detainer; (4) trespass; (5) wrongful eviction; (6) conversion; (7) violations of 42 U.S.C. § 1983; (8) quiet title; (9) violations of California's Unfair Competition Law; and (10) intentional infliction of emotional distress.  ECF No. 124, Ex. 2; ECF No. 158.  Makreas chose not to reassert his claim under the Fair Debt Collection Practices Act in this complaint.

On June 4, 2013, the court granted in part and denied in part the parties' cross-motions for summary judgment as follows.  The court concluded that: (1) First National was entitled to summary judgment on Makreas' claims for wrongful foreclosure, quiet title, forcible entry and detainer, breach of fiduciary duty, violations of 42 U.S.C. § 1983, and violations of California's Unfair Competition Laws; (2) Castor was entitled to summary judgment with respect to Makreas' claims for forcible entry and detainer, quiet title, and violations of California's Business and Professions Code Section 17200; (3) Brugioni was entitled to summary judgment with respect to

---

[1] Makreas alleges that "First National's acceptance of TARP money created an obligation to modify the loan outstanding on Plaintiff's real estate to the extent First National was pronouncing rights thereto, to assist borrowers, and to otherwise use the TARP funds for the benefit of, among others, the Plaintiff herein."  Compl. ¶ 286, ECF No. 1.

Makreas' claims for breach of fiduciary duty, quiet title, and violations of California's Business and Professions Code Section 17200; (4) T.D. Service Company was entitled to summary judgment with respect to Makreas' claims for wrongful foreclosure, quiet title, violations of California's Business and Professions Code Section 17200, and intentional infliction of emotional distress; and (5) Makreas was entitled to summary judgment with respect to his claims for trespass and wrongful eviction as to First National.  ECF No. 158.

The only claims that survived summary judgment were Makreas' claims for conversion and intentional infliction of emotional distress as to First National.  These claims were tried in December 2013.  The jury ultimately reached a verdict as follows: (1) the jury found for First National in connection with Makreas' claims for conversion and intentional infliction of emotional distress; (2) the jury awarded damages to Makreas for his trespass and wrongful eviction claims in the amount of $5,500; and (3) the jury denied Makreas' request for punitive damages.  ECF No. 244.

On January 13, 2014, the Court entered judgment according to its rulings on summary judgment and the jury's verdict.  This judgment stated that "Makreas may recover postjudgment interest at the rate of .13%, as well as costs according to proof."  ECF No. 248.

## II.      DISCUSSION

### A.      First National's Motion for Attorney's Fees

#### 1.      Entitlement to Attorney's Fees

"The general American rule is that the prevailing party may not recover attorney's fees absent express provision of a contract or statute or exceptional circumstances warranting the exercise of equitable powers."  Hannon v. Sec. Nat. Bank, 537 F.2d 327, 328 (9th Cir. 1976). State law governs the enforceability of attorney's fees in contract provisions.  "Whether a contractual attorney fee clause provides for a fee award in a particular case is a question of contract interpretation."  Windsor Pac. LLC v. Samwood Co., Inc., 213 Cal. App. 4th 263, 273 (2013).  "Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs interpretation. Such intent is to be inferred, if possible, solely from the written provisions of the contract.  The clear and explicit meaning of these provisions,

interpreted in their ordinary and popular sense, unless used by the parties in a technical sense or a special meaning is given to them by usage, controls judicial interpretation.  Thus, if the meaning a layperson would ascribe to contract language is not ambiguous, we apply that meaning."  Santisas v. Goodin, 17 Cal. 4th 599, 608 (Cal. 1998) (internal citations and quotation marks omitted).

Contractual provisions permitting awards of attorney's fees are applicable to all parties under California Civil Code section 1717, which provides that:[2]

> (a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then *the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees* in addition to other costs.
> . . .
> Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit.
> . . .
> (b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2*), the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract.* The court may also determine that there is no party prevailing on the contract for purposes of this section.

"Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under [Civil Code] section 1717 only as they relate to the contract action.  However, attorney's fees need

_____

[2] "The primary purpose of section 1717 is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions. Courts have recognized that section 1717 has this effect in at least two distinct situations."  Santisas v. Goodin, 17 Cal. 4th 599, 610 (Cal. 1998) (internal citation omitted).  "The first situation in which section 1717 makes an otherwise unilateral right reciprocal, thereby ensuring mutuality of remedy, is when the contract provides the right to one party but not to the other.  In this situation, the effect of section 1717 is to allow recovery of attorney fees by whichever contracting party prevails, whether he or she is the party specified in the contract or not."  Id. at 610-11 (internal citations and quotation marks omitted).  "The second situation in which section 1717 makes an otherwise unilateral right reciprocal, thereby ensuring mutuality of remedy, is when a person sued on a contract containing a provision for attorney fees to the prevailing party defends the litigation by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract."  Id. at 611 (citation and internal quotation marks omitted).

United States District Court
Northern District of California

not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not allowed." Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1111 (1996) (internal citations, quotation marks, and alternations omitted).

"California courts construe the term 'on a contract' liberally." Turner v. Schultz, 175 Cal. App. 4th 974, 979 (2009) (citation omitted). The question of whether a dispute is "on a contract" within the meaning of section 1717 depends on whether underlying contract defines the rights and obligations of the parties involved in the proceeding in which attorney's fees are sought, such that the underlying contract is not collateral to the proceeding. See Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1340 (9th Cir. 1986) (holding that action was "on a contract" for the purpose of awarding fees under section 1717 because "the underlying contract between the parties is not collateral to the proceedings but plays an integral part in defining the rights of the parties"); Barrientos v. 1801-1825 Morton LLC, 583 F.3d 1197, 1216 (9th Cir. 2009) (same). By contrast, in actions where "the state law governing contractual relationships is not considered" in the proceedings, then the action is not "on a contract." In re Johnson, 756 F.2d 738, 740 (9th Cir. 1985) (affirming denial of attorney's fees under section 1717 on the ground that state contract law was not implicated in a motion to stay a bankruptcy action under 11 U.S.C. § 362(d)).

First National moves for an award of attorney's fees under a provision of the loan agreement, which provides:[3]

> "Borrower agrees to pay upon demand all of Lender's costs and expenses, including Lender's attorneys' fees and Lender's legal expenses, *incurred in connection with the enforcement* of this Agreement."

Friedemann Decl., Ex. B at 8 (emphasis added).

---

[3] Because First National is entitled to attorney's fees on all claims in the operative complaint under this provision of the loan agreement, the court does not address the question of whether First National also would have been entitled to attorney's fees under the other provisions of the loan agreement and deed of trust that First National has identified because First National cannot recover attorney's fees twice for the same claims. For the same reason, the court also does not address the question of whether First National is entitled to fees under 42 U.S.C. § 1988 in connection with Makreas' claim under 42 U.S.C. § 1983.

United States District Court
Northern District of California

United States District Court
Northern District of California

First National argues that this provision entitles it to recover attorney's fees because all of Makreas' claims involve the enforcement of the loan agreement. ECF No. 254 at 10.

Courts in this circuit routinely hold that a party may recover attorney's fees under provisions similar to the one at issue in this action in connection with foreclosure-related claims because such claims challenge the lender or trustee's rights under the loan and deed of trust. See, e.g., Shaddox v. Wells Fargo Bank, N.A., Case No. 2:12–CV–00250, 2012 WL 3886090, at *2 (E.D. Cal. Sept. 6, 2012) ("Because the objective of Plaintiff's lawsuit was to stop Defendant from enforcing its rights to foreclose upon the Property, Plaintiff's action falls within the scope of the fee clause in the Note and the DOT entitling Defendant to attorneys' fees"); Salinas v. Wachovia Mortgage, Case No. 2:11–CV–01220, 2011 WL 5513456, at *2 (E.D. Cal. Nov. 10, 2011) (awarding attorney's fees under the loan and deed of trust "[b]ecause Plaintiff's lawsuit attacked the mechanics of Defendant's ownership of the Note, the non-judicial foreclosure, and the mechanism by which Defendant became the beneficiary under the DOT").

Here, all of the claims that Makreas asserted against First National directly or indirectly involved the enforcement of the loan and the deed of trust. As such, attorney's fees are available to the prevailing party with respect to each of these interrelated claims. See Rivera v. Wachovia Bank, Case No. 09-433 JM (AJB), 2009 WL 3423743, at *2 (S.D. Cal. Oct. 23, 2009) (awarding attorney's fees to prevailing party under provisions in the note and deed of trust for claims for declaratory relief, fraud, breach of covenant, breach of contract, quiet title, unfair business practices, and conspiracy because such claims were "either based directly on the contract, require predicate acts based on the contract, or relate to the formation of the contract"); see also Gens v. Wachovia Mortgage Corp., 10-CV-01073-LHK, 2011 WL 384408, at *4 (N.D. Cal. Aug. 30, 2011) ("Defendants have persuasively demonstrated that Plaintiff's claims are either 'on the contract' or completely intertwined with her contract claims, so that contractual attorney's fees are appropriate."). The court need not apportion attorney's fees between these claims because all of the claims fall within the scope of the attorney's fee provision at issue, which is worded broadly. See Maynard v. BTI Grp., Inc., 216 Cal. App. 4th 984, 992 (2013) ("If the attorney fee provision is broad enough to encompass contract and noncontract claims, in awarding fees to the prevailing

party it [is] unnecessary to apportion fees between those claims.").

The court's determination of the prevailing party must be based on "who recovered a greater relief in the action on the contract."  Cal. Civ. Code § 1717(b)(1). "[I]n deciding whether there is a party prevailing on the contract, the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources.  The prevailing party determination is to be made only upon final resolution of the contract claims and only by a comparison of the extent to which each party ha[s] succeeded and failed to succeed in its contentions."  Hsu v. Abbara, 9 Cal. 4th 863, 876 (Cal. 1995) (internal quotation marks omitted). Where an action involves multiple defendants, any one defendant may be declared a prevailing party with respect to the claims that the plaintiff asserted against it where "the decision on the litigated contract claims is purely good news for" that defendant and bad news for the plaintiff. Zintel Holdings, LLC v. McLean, 209 Cal. App. 4th 431, 443 (2012) (citation and internal quotation marks omitted).

The court concludes that the prevailing party for the purposes of this motion is First National, because it obtained greater relief than Makreas on all claims that were "on a contract." Indeed, First National obtained summary judgment on Makreas' claims for wrongful foreclosure, quiet title, breach of fiduciary duty, and violations of the Unfair Competition Law.  See ECF No. 158.

Makreas argues that it is the prevailing party because it obtained a judgment of $5,500 at trial on his claims for trespass and wrongful eviction.  Makreas' success on these claims is not relevant to the prevailing-party analysis under section 1717, because such claims are not "on a contract."[4]  See Frog Creek, 206 Cal. App. 4th at 531 ("Section 1717 as amended in 1987, makes it clear that the party who obtains greater relief on the contract action is the prevailing party

---

[4] Even if the court considered both contractual and noncontractual claims in determining the prevailing party, the court would nevertheless conclude that First National is the prevailing party for the purpose of awarding contractual attorney's fees.  This is because First National achieved more of its litigation objectives by obtaining judgment in its favor on the vast majority of the claims asserted against it, including the claim for wrongful foreclosure, for which Makreas sought damages in excess of $1 million.

United States District Court
Northern District of California

1    entitled to attorney fees under section 1717, regardless of whether another party also obtained

2    lesser relief on the contract or greater relief on noncontractual claims.").  Indeed, the court

3    recognized in its order resolving the motions for summary judgment that the trespass and wrongful

4    eviction claims turned on Makreas' right to remain in possession of the property and not on his

5    right to title to the property.  ECF No. 158 at 15-17.  As such, these claims did not depend in any

6    way on the parties' rights under the loan agreement or the deed of trust.[5]

7            Makreas also contends that the appropriate test for determining the prevailing party is the

8    one in California Code of Civil Procedure section 1032, which provides that a prevailing party is:

9            [T]he party with a net monetary recovery, a defendant in whose
             favor a dismissal is entered, a defendant where neither plaintiff nor
10           defendant obtains any relief, and a defendant as against those
             plaintiffs who do not recover any relief against that defendant.
11

12   Cal. Code. Civ. P. § 1032(a)(4).

13           Makreas' reliance on section 1032 is misplaced, because that test applies only to the

14   determination of the prevailing party for the purpose of awarding costs under California law.

15   Sears v. Baccaglio, 60 Cal. App. 4th 1136, 1143 (1998).[6]  As discussed above, the relevant test for

16   determining the prevailing party is the one in section 1717, which governs the issue of attorney's

17   fees under a contract.  See Zintel Holdings, LLC v. McLean, 209 Cal. App. 4th 431, 438 (2012)

18   ("Courts have consistently held the prevailing party for the award of costs under section 1032 is

19   not necessarily the prevailing party for the award of attorney's fees in contract actions under

20   section 1717.") (citation and alternation omitted).

21                    **2.      Reasonableness of Fees**

22           Having concluded that First National is entitled to attorney's fees under the provision in

23   the loan agreement, the court must now determine the amount of fees that First National can

24   ─────────────────────

25   [5] Likewise, Makreas' claim for conversion was not "on a contract."  The parties and the court
     analyzed that claim as arising out of California law at summary judgment, and not under the loan
26   agreement or the deed of trust.  See ECF No. 158.  That some references to the deed of trust were
     made at trial in connection with this claim does not affect this conclusion.

27   [6] "The definition of prevailing party under section 1717 . . . differs significantly from section
28   1032.  Rather than focusing on who receives the net monetary award, section 1717 defines the
     prevailing party as the one who recovers 'a greater relief in the action on the contract."  Id.

United States District Court
Northern District of California

recover.

The starting point for determining reasonable attorneys' fees is the "lodestar," which is calculated by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  In determining a reasonable amount of hours, the court must review time records to decide whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative, or excessive.  Chambers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987).  To determine reasonable hourly rates, the court must look to the prevailing rate in the community for similar work performed by attorneys of comparable skill, experience, and reputation.  Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979 (9th Cir. 2008).  There is a strong presumption that the lodestar figure represents a reasonable fee.  See Jordan v. Multnomah Cnty., 815 F.2d 1258, 1262 (9th Cir. 1987).

First National requests a total of $619,129.50 in attorney's fees, as well as nontaxable costs in the amount of $21,421.24.  First National argues that, "at a minimum," the court should award it the attorney's fees it expended up to the point where the court entered summary judgment in its favor in connection with the claims that are "on a contract," which total $295,664.50.  ECF No. 275 at 7.

Makreas offers no argument in his opposition with respect to the reasonableness of the requested fees.

The court has reviewed the billing records submitted by First National's counsel.  See Friedemann Decl., Ex. J.  The time spent by counsel includes: reviewing and analyzing complaint and attachments; preparing and responding to discovery requests; preparing for and participating in mediation; preparing the motion for summary judgment and attending the hearing on that motion; and preparing the motion for attorney's fees.  Id.  The court finds that the performance of these tasks was necessary for the defense of this action and that the time spent does not appear to be unnecessary, duplicative, or excessive.  Additionally, the court finds that the hourly rates, which range from $180 to $425 per hour, are well within the range of reasonable hourly rates for attorneys of comparable skill, experience, and reputation in the Bay Area.  See, e.g., Thomas v.

United States District Court
Northern District of California

9

United States District Court
Northern District of California

Wells Fargo Bank, N.A., Case No. 13-02065 JSW, 2014 WL 1245034, at *6 (N.D. Cal. Mar. 25, 2014) (finding rate of $320 per hour to be reasonable for time spent on foreclosure case).

Nevertheless, the court finds it appropriate to reduce the amount of fees sought to $295,664.50, which is the amount of fees that First National incurred through summary judgment, because that is the stage at which First National prevailed on all claims "on a contract." ECF No. 275 at 7. The court will add to this amount the amount of fees that First National incurred in connection with this motion, $16,382.00, for a total of $312,946.50. See Anderson v. Dir., Office of Workers Comp. Programs, 91 F.3d 1322, 1325 (9th Cir. 1996) (holding that reasonable attorney's fees for work performed on the application for attorney's fees are recoverable).

### B.   T.D. Service's and Makreas' Motions for Attorney's Fees

#### 1.   Entitlement to Attorney's Fees

T.D. Service Company and Makreas move for attorney's fees under a provision of the deed of trust that permits the lender or the trustee to recover such fees.[7] Makreas' motion is based on section 1717, which makes the fees provision at issue reciprocal. ECF No. 260 at 6.

The provision at issue authorizes the lender or trustee to recover attorney's fees in connection with any action that the lender "institutes" to enforce the terms of the deed of trust, as follows:

> If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit . . .

Friedemann Decl., Ex. C at 6 (emphasis added). The deed of trust further provides that the

---

[7] First National also moves for attorney's fees under this provision, but this motion is moot given that the court already determined that First National is entitled to attorney's fees under a provision in the loan agreement.

10

1   "Trustee shall have all of the rights and duties of Lender as set forth in this section."  Id.

2          Section 1717 makes this attorney's fee provision reciprocal even though its express terms

3   permit only the lender to recover attorney's fees in the event that the lender "institutes" an action

4   to enforce the deed of trust.  Here, this action was instituted by Makreas to enforce the deed of

5   trust, rather than by the lender, but under section 1717, this does not preclude the party prevailing

6   on the contract from recovering attorney's fees under the fees provision.  Under Civil Code section

7   1717, the court gives effect to an attorney's fee provision whether an action is commenced by the

8   obligor or the obligee, even if the provision as written is one-sided or unilateral.  In either case, the

9   prevailing party is entitled to recover attorney's fees under the contractual provision and Civil

10  Code section 1717.  Pac. Custom Pools, Inc. v. Turner Constr. Co., 79 Cal. App. 4th 1254, 1270

11  (2000).

12         The prevailing party for the purposes of resolving this motion is T.D. Service, because it

13  obtained greater relief than Makreas on all claims that were "on a contract."  Indeed, T.D. Service

14  obtained summary judgment on Makreas' claims for wrongful foreclosure, quiet title, and

15  violations of the Unfair Competition Law.  See ECF No. 158; see also Hsu v. Abbara, 9 Cal. 4th

16  863, 876 (Cal. 1995) ("[I]n deciding whether there is a party prevailing on the contract, the trial

17  court is to compare the relief awarded on the contract claim or claims with the parties' demands on

18  those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening

19  statements, and similar sources.  The prevailing party determination is to be made only upon final

20  resolution of the contract claims and only by a comparison of the extent to which each party ha[s]

21  succeeded and failed to succeed in its contentions.") (internal quotation marks omitted).  As such,

22  T.D. Service is entitled to attorney's fees under the contractual provision at issue.

23         Makreas argues that T.D. Service cannot recover attorney's fees under this provision

24  because it was not a party to the deed of trust.  This argument fails, because the deed of trust

25  expressly provides that "the Trustee shall have all of the rights and duties of Lender as set forth in

26  this section."  Friedemann Decl., Ex. C at 6.  Here, the court previously concluded that T.D.

27  Services was properly substituted as trustee under the deed of trust.  See ECF No. 158 at 8-9.

28  Accordingly, T.D. may recover attorney's fees under the contract to the same extent as the lender.

United States District Court
Northern District of California

11

Makreas also contends that T.D. Service's motion must be denied because he prevailed on his claims against First National and he therefore was the prevailing party in this action. As discussed in the previous section, Makreas did not prevail on the contractual claims he asserted against First National, and thus, Makreas is not the prevailing party with respect to First National. Additionally, as the court also has concluded, Makreas did not prevail on the contractual claims it asserted against T.D. Service. As such, T.D. Service is the prevailing party vis-à-vis Makreas. See Zintel Holdings, 209 Cal. App. 4th at 443 (holding that, in an action involving multiple defendants, any one defendant may be declared a prevailing party with respect to the claims that the plaintiff asserted against it where "the decision on the litigated contract claims is purely good news for" that defendant and bad news for the plaintiff) (citation and internal quotation marks omitted).

### 2. Reasonableness of Fees

T.D. Service requests a total of $71,420.00 in attorney's fees, which includes $4,550.00 in attorney's fees incurred in connection with this motion. See Dreyfuss Decl., Ex. B.

Makreas offers no argument in his opposition with respect to the reasonableness of the requested fees.

The court has reviewed the billing records submitted by T.D. Service's counsel. See Dreyfuss Decl., Ex. B. The time spent by counsel includes: reviewing and analyzing complaint and attachments; preparing and responding to discovery requests; preparing for and participating in mediation; preparing the motion for summary judgment and attending the hearing on that motion; and preparing the motion for attorney's fees. Id. The court finds that the performance of these tasks was necessary for the defense of this action and that the time spent does not appear to be unnecessary, duplicative, or excessive. Additionally, the court finds that the hourly rate of $350 is well within the range of reasonable hourly rates for attorneys of comparable skill, experience, and reputation in the Bay Area. See, e.g., Thomas, 2014 WL 1245034, at *6 (finding rate of $320 per hour to be reasonable for time spent on foreclosure case). Accordingly, the court awards T.D. Service $71,420 in attorney's fees.

/ / /

United States District Court
Northern District of California

12

1

### C.    First National's Motion for Costs

2

    Where, as here, subject matter jurisdiction is premised on federal question and

3

supplemental jurisdiction, federal law governs eligibility for costs.[8]  See Berkla v. Corel Corp.,

4

302 F.3d 909, 921 (9th Cir. 2002).

5

    "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than

6

attorney's fees—should be allowed to the prevailing party . . . .  The clerk may tax costs on 14

7

days' notice.  On motion served within the next 7 days, the court may review the clerk's action."

8

Fed. R. Civ. P. 54(d).  "Rule 54(d) creates a presumption for awarding costs to prevailing parties;

9

the losing party must show why costs should not be awarded."[9]  Save Our Valley v. Sound

10

Transit, 335 F.3d 932, 944-45 (9th Cir. 2003) (citation omitted).  "In the event of a mixed

11

judgment, however, it is within the discretion of a district court to require each party to bear its

12

own costs."  Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1996) (citation omitted).

13

    First National moves for costs under Rule 54, arguing that it is the prevailing party because

14

it "successfully defeated liability on all but two of Plaintiff's ten claims and, after a two week trial,

15

successfully limited the damages award to Plaintiff to the nominal sum of $5,500."  ECF No. 252

16

at 2.

17

    Makreas opposes the motion, arguing that he is the prevailing party because he secured a

18

judgment of $5,500 against First National at trial and that it is not necessary for him to have

19

prevailed on all of his claims at trial in order to be deemed the prevailing party.

20

    Here, Makreas prevailed on only two of the ten claims he asserted against Defendants and

21

recovered only $5,500 even though he originally sought damages in excess of $1 million.  In light

22

of this mixed judgment, the court will require each of the parties to bear its own costs.  See, e.g.,

23

Postx Corp. v. Secure Data In Motion, Inc., Case No. 02-04483 SI, 2006 WL 2067080, at *2 (N.D.

24

Cal. July 24, 2006) (ordering each party to bear its own costs, as "[t]here is no question that PostX

25

obtained a 'mixed judgment' because PostX prevailed on only one of four claims in these related

26

_____

27

[8] The court has jurisdiction over this action under 28 U.S.C. § 1331 by virtue of Makreas' claim
under 42 U.S.C. § 1983.

28

[9] The determination of the prevailing party under Rule 54 differs from the determination of the
prevailing party for purposes of attorney's fees awards under section 1717.

United States District Court
Northern District of California

cases").  Accordingly, all motions for costs are DENIED.

**D.**     **Motion to Alter Judgment**

"On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." Fed. R. Civ. Proc. 52(b).

First National moves to amend the judgment entered by the Court in January 2014 to provide that it is the prevailing party for the purposes of recovering costs and attorney's fees.

In light of the court's conclusion that First National and T.D. Service are entitled to attorney's fees, which is not indicated in the operative judgment, the motion to amend the judgment is GRANTED.

**III.     CONCLUSION**

First National's motion for attorney's fees is GRANTED in the amount of $312,946.50, but its motion for costs is DENIED.  T.D. Service's motion for attorney's fees is GRANTED in the amount of $71,420.00.  Makreas' motion for attorney's fees is DENIED.

First National and T.D. Service shall file a proposed judgment that reflects the court's rulings, as stated above, within seven days of the date this order is filed.

**IT IS SO ORDERED.**

Dated: June 8, 2014

_____
JON S. TIGAR
United States District Judge